**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUANGFEI LIN,<br><br>    Petitioner,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 13-73697<br><br>Agency No. A088-307-801<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Guangfei Lin, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). We grant the petition for review and remand.

We do not consider the 2013 State Department report Lin references in his opening brief because it is not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc) (court's review is limited to the administrative record).

The agency found inconsistencies between Lin's testimony and documentary evidence as to the circumstances surrounding his conversion to Christianity as well as Lin's medical treatment in China. Substantial evidence does not support the agency's adverse credibility determination based on these findings. *See Ren v. Holder*, 648 F.3d 1079, 1087-88 (9th Cir. 2011) (IJ's implausibility finding was "speculative"). Substantial evidence also does not support the agency's finding that Lin initially could not recall documents he submitted into evidence. *See id.* at 1087 (petitioner's quickly-corrected innocent mistake cannot form the basis of an adverse credibility determination).

Finally, substantial evidence does not support the agency's corroboration

finding because the IJ did not address Lin's explanation for his failure to provide documents from his U.S. church. *See Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014) (IJ must consider and address all plausible and reasonable explanations); *see also Chen v. Ashcroft*, 362 F.3d 611, 620 (9th Cir. 2004) (agency erred in failing to consider petitioner's plausible explanation for why a witness was not available to corroborate claims).

Thus, we grant the petition for review and deem Lin credible, and remand Lin's asylum, withholding of removal, and CAT claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED**.